**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

```
                                    *
DEREK WEIDE AND
ROBERT ILIFF                        *

     Plaintiffs,                    *
                                         Civil Action No. 1:25-cv-3566
                                    *

v.                                  *

CITY OF CUMBERLAND                  *

     Defendant.                     *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

**PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................... iii

I. INTRODUCTION ...........................................................................................................1

II. STANDARD OF REVIEW.............................................................................................3

    A. Rule 12(b)(6) Standard..........................................................................................3

    B. Rule 12(d) Mandatory Conversion........................................................................3

    C. Rule 56 and Rule 56(d) Standards.........................................................................4

    D. Hostile Work Environment Claims .......................................................................5

    E. Retaliation..............................................................................................................6

    F. McDonnell Douglas Is Not a Pleading Standard ..................................................7

III. ARGUMENT ..................................................................................................................8

    A. Defendant's Motion Violates Rule 12(b)(6) Because It Introduces and Relies Upon Matters Outside the Pleadings .............................................................................8

        1. Defendant Introduced Extensive Materials Outside the Pleadings............................8

        2. Defendant Cannot Resolve Disputed Facts...............................................................9

i

3. Conversion Is Mandatory..............................................................................10

B. If Converted to Summary Judgment, the Motion Must Be Denied Because Plaintiffs Have Had No Opportunity to Conduct Discovery ............................................................10

   1. Plaintiffs Have Conducted No Discovery ..................................................10

   2. Discovery Is Essential to Oppose Defendant's Affirmative Defenses .....................12

     a. The Faragher-Ellerth Defense Requires Factual Development..........................12

     b. The 'Because of Sex' Element Presents Factual Questions Requiring Discovery ...................................................................................................13

   3. Discovery Is Essential to Respond to Defendant's Self-Serving Affidavits ............14

   4. Retaliation Claims Cannot Be Resolved Pre-Discovery.........................................15

   5. Plaintiffs Have Demonstrated Need for Discovery Under Rule 56(d) ....................16

C. If the Exhibits Are Stricken, the Motion Fails Under Rule 12(b)(6) Standards............17

   1. Plaintiff Weide Has Stated a Plausible Hostile Work Environment Claim ..............17

     a. Unwelcome Conduct.....................................................................................17

     b. Because of Sex............................................................................................17

     c. Severe or Pervasive .....................................................................................19

     d. Imputable to Employer .................................................................................21

   2. Plaintiff Weide Has Stated a Plausible Retaliation Claim .....................................22

     a. Protected Activity........................................................................................22

     b. Adverse Employment Action ........................................................................22

     c. Causal Connection .......................................................................................24

   3. Plaintiff Iliff Has Stated Plausible Hostile Work Environment and Retaliation Claims ...........................................................................................................24

D. Genuine Issues of Material Fact Preclude Summary Judgment .................................25

IV. CONCLUSION ...........................................................................................................26

V. RELIEF REQUESTED ................................................................................................28

## TABLE OF AUTHORITIES

**Cases**

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212 (4th Cir. 2004)......................5, 9

*Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126 (4th Cir. 1995) ...................................11, 17, 28

*Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195 (4th Cir. 2014) ............................................20

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)................................................................. 5-6

*Barrett v. Applied Radiant Energy Corp.*, 240 F.3d 262 (4th Cir. 2001) ................................23, 27

*Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)..............................................................................4

*Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015) ......................................7, 22

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)..............................................................2, 21

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)................................................8, 23

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)................................................................................6

*Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001) ..............................................................8, 25

*E.E.O.C. v. Fairbrook Med. Clinic*, 609 F.3d 320 (4th Cir. 2010) ................................................14

*E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658 (4th Cir. 2011) ........................................................7, 12, 23

*Erickson v. Pardus*, 551 U.S. 89 (2007)...................................................................................10, 20

*Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954 (4th Cir. 1996) .........................6, 11, 13, 17

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) .....................................................................7

*First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375 (D.C. Cir. 1988)................................13, 16

*Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243 (4th Cir. 2015)...........................................7, 8

*Freeman v. Dal-Tile Corp.*, 750 F.3d 413 (4th Cir. 2014).............................................................21

*Furnco Constr. Corp. v. Waters*, 438 U.S. 567 (1978).....................................................................8

*Gay v. Wall*, 761 F.2d 175 (4th Cir. 1985)....................................................................................11

*Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016) ..........................................5, 9, 10

*Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264
(4th Cir. 2013)................................................................................................................................13

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993).........................................................6, 19, 21, 27

*Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214 (4th Cir. 2002)...............................17

*Holland v. Washington Homes, Inc.*, 487 F.3d 208 (4th Cir. 2007) ..............................................16

*Jeffers v. Thompson*, 264 F. Supp. 2d 314 (D. Md. 2003) .............................................................24

*Jiminez v. Mary Washington Coll.*, 57 F.3d 369 (4th Cir. 1995)................................12, 16, 17, 28

*Johnson v. Baltimore City*, No. 25-1124, 2026 WL 31776 (4th Cir. Jan. 6, 2026) .........................8

*Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253 (4th Cir. 1998) ......................5, 8, 9, 11, 23

*Lord v. High Voltage Software, Inc.*, 839 F.3d 556 (7th Cir. 2016)...............................................20

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)....................................15

*McCray v. Md. DOT*, 741 F.3d 480 (4th Cir. 2014) .................................................................12

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).........................................................3

*Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986) .................................................................18

*Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289 (4th Cir. 2010) ......................................4

*Mikels v. City of Durham*, 183 F.3d 323 (4th Cir. 1999)................................................12, 13, 22, 27

*Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325 (4th Cir. 2003) ..................................................21

*Occupy Columbia v. Haley*, 738 F.3d 107 (4th Cir. 2013).........................................................5, 10

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998) .................... 6-7, 12, 14, 19, 20, 27

*Pa. State Police v. Suders*, 542 U.S. 129 (2004)............................................................................22

*Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir. 1989)..........................................................21, 23

*Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176 (4th Cir. 2009)..............................................4, 9, 10

*Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111 (4th Cir. 2021) ...............................14, 15, 25, 28

*Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004) ................................................................................5, 10

*Sonmez v. WP Co. LLC*, 330 A.3d 285 (D.C. 2025) ........................................................................24

*Sunbelt Rentals, Inc. v. Head & Engquist Equip., L.L.C.*, 521 F.3d 306 (4th Cir. 2008)...............27

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) .........................................................................8

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308 (2007)...............................................5, 10

*Tolan v. Cotton*, 572 U.S. 650 (2014) .........................................................................................5, 10

*U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711 (1983) ...............................................3

*Von Gunten v. Maryland*, 243 F.3d 858 (4th Cir. 2001)................................................................25

*Wrightson v. Pizza Hut*, 99 F.3d 138 (4th Cir. 1996) ...............................................................15, 20

## Statutes

42 U.S.C. § 2000e-3(a) .................................................................................................................8, 23

## Rules

Fed. R. Civ. P. 12(a)(4)(A)................................................................................................................29

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... passim

Fed. R. Civ. P. 12(c) ...........................................................................................................................4

Fed. R. Civ. P. 12(d)........................................................................................................2, 4, 9, 11, 28

Fed. R. Civ. P. 16.............................................................................................................................29

Fed. R. Civ. P. 26.............................................................................................................................11

Fed. R. Civ. P. 56.................................................................................................. passim

Fed. R. Civ. P. 56(a) .........................................................................................................5

Fed. R. Civ. P. 56(c)(1)(A)...............................................................................................13

Fed. R. Civ. P. 56(d)   7, 28, 29

Plaintiffs Derek Weide and Robert Iliff ("Plaintiffs") by and through their counsel oppose Defendant City of Cumberland, Maryland ("Defendant")'s Motion to Dismiss or in the Alternative for Summary Judgment and in support thereof state as follows:

## I. INTRODUCTION

Defendant cannot — and <u>does not</u> — dispute that Jeffrie Harden admitted making sexually explicit comments to Plaintiffs. Defendant's own police chief substantiated the harassment, concluding there was "enough evidence to substantiate this allegation in violation of City of Cumberland Code of Conduct." Defendant admits it then reinstated Harden to supervisory authority over the employees he harassed after a five-day suspension.

Having admitted unlawful harassment occurred, violated City policy, and the City restored the harasser to his position over Plaintiffs, Defendant now seeks dismissal before Plaintiffs can conduct any discovery into: (1) whether the City's remedial response was reasonably calculated to end the harassment under *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); (2) whether the City's decision demonstrates deliberate indifference to Plaintiffs' rights; and (3) whether the materially adverse actions following Plaintiffs' complaints constitute unlawful retaliation. These are quintessentially questions of fact that cannot be resolved at the pleading stage.

Defendant's motion is procedurally improper. Defendant invokes Rule 12(b)(6) while attaching seven exhibits — affidavits, investigative reports, employment contracts, disciplinary policies, and weather records — to dispute Plaintiffs' factual allegations. This violates Rule 12(d). Defendant seeks an unfair advantage: deploying extrinsic evidence against Plaintiffs' allegations at the pleading stage.

1

A Rule 12(b)(6) motion is determined exclusively on the face of the pleadings. Fed. R. Civ. P. 12(d). By attaching and relying upon exhibits outside the Complaint, Defendant has abandoned the Rule 12(b)(6) framework. The Court cannot simultaneously consider extensive matters outside the pleadings and apply the Rule 12(b)(6) standard. Defendant must choose: either (1) the Court strikes the materials and evaluates the motion under Rule 12(b)(6) — accepting all allegations as true and drawing all inferences in Plaintiffs' favor — in which case the motion fails; or (2) the Court converts the motion to summary judgment under Rule 56 — in which case the motion must be denied to permit Plaintiffs discovery before responding to dispositive motion practice.

Defendant's substantive arguments fare no better. Defendant seeks pre-discovery resolution of quintessentially fact-intensive questions: whether the City's remedial response was reasonably calculated to end the harassment under Ellerth; whether Harden's admitted conduct created a sexually hostile work environment under the totality of circumstances; and whether the materially adverse actions against Plaintiffs were causally connected to their protected complaints. The *McDonnell Douglas* burden-shifting framework is fundamentally an evidence-based inquiry designed to draw out necessary facts in employment discrimination cases. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). "Courts should [not] treat discrimination differently from other ultimate questions of fact." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983). Each determination requires credibility assessments, contextual analysis, and evaluation of all evidence — direct and circumstantial. See *Id*. at 714-15. That evidence does not yet exist in the record.

Moreover, Defendant uses its seven exhibits to dispute Plaintiffs' allegations — claiming 'Iliff was not present,' 'the drawing was a ball valve,' and 'temperatures never exceeded 109ºF.'

2

Under Rule 12(b)(6), the Court must accept Plaintiffs' allegations as true and cannot consider extrinsic evidence. Under Rule 56, the Court must give "the benefit of inferences to the non-moving party." *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 291 (4th Cir. 2010). Defendant asks this Court to resolve disputed factual issues in its favor and grant summary judgment before Plaintiffs conduct any discovery — a request that inverts the summary judgment standard.

For these reasons, Defendant's motion should be denied.

## II.    STANDARD OF REVIEW

### A.  *Rule 12(b)(6) Standard*

On a motion to dismiss, courts must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Specific facts are not necessary; "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the… claim is and the grounds upon which it rests.'" *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts generally cannot consider matters outside of the pleadings without converting the motion to dismiss into one for summary judgment; a motion under Rule 12(b)(6) tests only legal sufficiency of the complaint-not the facts that support it. Fed R. Civ. P. 12(d).

### B.  *Rule 12(d) Mandatory Conversion*

Federal Rule of Civil Procedure 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).    "When

matters outside the pleading are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir 1998).  The purpose of this requirement is to give the plaintiff notice that matters outside the pleadings are to be considered and to afford the plaintiff an opportunity to present pertinent material. *Id.* at 261.

In most cases, 'A motion to dismiss tests the sufficiency of a complaint,' and the Court's evaluation is thus "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (Quoting *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir.2013)). Documents outside the complaint may be considered on a motion to dismiss only in very limited circumstances, which the Supreme Court of the United States describes as having to be "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322, (2007). The Fourth Circuit requires the attached documents to be "explicitly relied on in the complaint." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). "'Limited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint.'" *Goines*, 822 F.3d 159 at 166 (Quoting from *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

### C.  Rule 56 and Rule 56(d) Standards

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Tolan v. Cotton, 572 U.S. 650, 656-57 (2014). The Court must view the evidence in the light most favorable to Plaintiffs, "giving    full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact." *Anderson v. Liberty Lobby, Inc.*, 477

4

U.S. 242, 255 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id*. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

As a general rule, summary judgment is appropriate only after "adequate time for discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Evans*, 80 F.3d at 961. Plaintiffs here have had no discovery.

### D.  *Hostile Work Environment Claims*

Title VII is violated when the workplace is permeated with discriminatory conduct that is "sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). This standard requires both an objectively hostile environment — "an environment that a reasonable person would find hostile or abusive" — and the plaintiff's subjective perception that the environment is abusive. *Id*. Courts must look "at all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23. "[N]o single factor is" dispositive, *Id.*, as "[t]he real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." *Oncale v. Sundowner Offshore Servs., Inc.*,

5

523 U.S. 75, 81-82 (1998). "A single act of harassment may [be] actionable on its own" if sufficiently severe. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 286 (4th Cir. 2015).

"The critical issue… is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale*, 523 U.S. at 80. A plaintiff may prove sex-based discrimination even without sexual advances, including when "a male victim is harassed in such sex-specific and derogatory terms ... as to make it clear that the harasser is motivated by general hostility to the presence of [men] in the workplace." *Id.*

"[A]n employer is strictly liable for a hostile environment created by a supervisor." *Faragher v. City of Boca Raton*, 524 U.S. 775, 792 (1998). An employer may raise an affirmative defense by showing it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior" and that the plaintiff "unreasonably failed to take advantage of any preventive or corrective opportunities." Id. at 807. This defense requires determining whether the employer's response was "reasonably calculated to end the harassment," considering "the promptness of the employer's investigation when complaints are made, whether offending employees were counseled or disciplined for their actions, and whether the employer's response was actually effective." *E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 669-70 (4th Cir. 2011).

### E. Retaliation

To state a retaliation claim, a plaintiff must allege:    (1) engagement in a protected activity, (2) adverse employment action, and (3) a causal link between the protected activity and the employment action. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015).

Protected activity includes "opposing discriminatory practices in the workplace" under Title VII or "(1) making a charge, (2) testifying, (3) assisting, or participating in" a Title VII investigation or proceeding. 42 U.S.C. § 2000e-3(a); *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Title VII's anti-retaliation provision prohibits employer actions that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N*, 548 U.S. at 68.

Temporal proximity alone is sufficient to establish a causal connection for purposes of the prima facie case when the proximity is "very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). Alternatively, a plaintiff may demonstrate causation "by establishing that other relevant evidence indicates continuing retaliatory conduct and animus toward plaintiff." Johnson v. Baltimore City, No. 25-1124, 2026 WL 31776, at 22 (4th Cir. Jan. 6, 2026). "The burden for establishing causation at the prima facie stage is 'less onerous,'" than at the pretext stage. *Foster*, 787 F.3d at 252.

### F.  *McDonnell Douglas Is Not a Pleading Standard*

"The prima facie case under McDonnell Douglas ... is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). A plaintiff need not "plead facts establishing a prima facie case" because "the precise requirements of the prima facie case can vary with the context" and "were 'never intended to be rigid, mechanized, or ritualistic.'" Id. at 512 (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). "It may be difficult to define the precise formulation of the required prima facie case in a particular case before discovery has unearthed relevant facts and evidence." *Id*. "[T]he ordinary rules for assessing the sufficiency of a complaint apply" — the complaint must only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 511-14.

7

### III.    ARGUMENT

#### A. *Defendant's Motion Violates Rule 12(b)(6) Because It Introduces and Relies Upon Matters Outside the Pleadings*

Defendant's motion must be stricken or converted to Rule 56. Rule 12(b)(6) tests only "the legal sufficiency of the complaint—not the facts supporting it." *Am. Chiropractic Ass'n.*, 367 F.3d at 234. When matters outside the pleadings are presented, "the motion must be treated as one for summary judgment and disposed of as provided in     Rule 56." Fed. R. Civ. P. 12(d); *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998).

Documents may be considered only if: (1) integral to and explicitly relied on in the complaint; and (2) authenticity is not challenged. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). "Integral" means the complaint incorporates the document by reference or adopts its contents; [merely mentioning a document's existence does not suffice. *Goines*, 822 F.3d at166.

##### 1.    *Defendant Introduced Extensive Materials Outside the Pleadings*

Defendant attached seven exhibits to dispute Plaintiffs' allegations: (1) Tressler affidavit providing the City's investigation version; (2) Cassell affidavit disputing Plaintiffs' allegations; (3) Investigation Report with witness statements; (4) Appel affidavit disputing work assignment allegations; (5) Disciplinary Guidelines; (6) Employment contracts; and (7) Weather records.

Defendant uses these exhibits to argue material facts in dispute: "Iliff was not present," "the drawing was a ball valve," temperatures "never exceeded 109ºF," Weide "refused to complete the task," and Iliff's contract "unambiguously" ended early. Each argument credits Defendant's evidence over Plaintiffs' allegations — impermissible under Rule 12(b)(6).

8

None of Defendant's proffered documents qualify for consideration under the narrow incorporation-by-reference exception.    In most cases, "'[a] motion to dismiss tests the sufficiency of a complaint,' and our evaluation is thus generally limited to a review of the allegations of the complaint itself." *Goines*, 822 F.3d at 165–166 (quoting *Occupy*, 738 F.3d at 116). Documents outside the complaint may be considered only when the complaint "incorporates [the document] by reference" or    Tellabs, 551 U.S. at 322. "Limited quotation from or reference to documents that may constitute relevant evidence in a case is not enough to incorporate those documents, wholesale, into the complaint." *Goines*, 822 F.3d at 166 (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

The Investigation Report does not satisfy this standard. While the Complaint references the investigation's existence, it does not incorporate the Report or adopt its contents. *Philips*, 572 F.3d at 180. In *Goines*, the Fourth Circuit held that even when a plaintiff quoted portions of an incident report, this did not incorporate "the entire report by reference" or permit reliance on other parts not quoted by the plaintiff. *Goines*, 822 F.3d at 164. Here, Plaintiffs have done even less — merely mentioning the investigation without quoting from or attaching it. Similarly, any employment contracts fail the incorporation test. Merely mentioning these documents does not satisfy the exception. *Id*. at 166. "'A motion to dismiss tests the sufficiency of a complaint, and our evaluation is thus generally limited to a review of the allegations of the complaint itself.'" *Id*.

### 2. *Defendant Cannot Resolve Disputed Facts*

Courts must "'construe facts in the light most favorable to the plaintiff and draw all reasonable inferences in his favor.'" *Id*. at 169. In *Erickson v. Pardus*, the Supreme Court reversed dismissal where the court failed to accept the plaintiff's allegations as true and instead resolved disputed facts in defendant's favor. 551 U.S. 89, 94 (2007). In Tolan v. Cotton, the Court

reversed summary judgment where the court "credited the evidence of the party seeking summary judgment and failed properly to acknowledge key evidence offered by" the plaintiff." 572 U.S. 650, 659 (2014). If courts cannot credit the movant's evidence at summary judgment, they cannot do so at the pleading stage.

### 3. *Conversion Is Mandatory*

Defendant seeks Rule 12(b)(6)'s standard while introducing seven exhibits contradicting Plaintiffs' allegations. This denies Plaintiffs Rule 56's protections: notice, discovery opportunity, and the right to present contrary evidence. *Laughlin*, 149 F.3d at 260-61. This is particularly prejudicial in employment discrimination cases where the employer's intent is at issue and direct evidence of discrimination is rare. *Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126 (4th Cir. 1995). When a defendant attaches extrinsic materials, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985).

### B. *If Converted to Summary Judgment, the Motion Must Be Denied Because Plaintiffs Have Had No Opportunity to Conduct Discovery*

If the Court converts this motion under Rule 12(d), it must be denied. "[S]ummary judgment is appropriate only after 'adequate time for discovery.'" *Evans*, 80 F.3d at 961. "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id*.

### 1. *Plaintiffs Have Conducted No Discovery*

Defendant filed this motion in January 2026 — immediately upon appearing and before any Rule 26 disclosures, written discovery, or depositions. In employment discrimination cases,

summary judgment before discovery forces the plaintiff to defend against summary judgment without the benefit of information that is peculiarly within the knowledge and control of the defendant. *McCray v. Md. DOT*, 741 F.3d 480 (4th Cir. 2014).

Plaintiffs have not deposed critical witnesses:

● Jeffrie Harden: Determining whether harassment was "because of sex" under *Oncale* requires examining "the specific context in which the harassing conduct occurred," which "necessarily requires a factual determination" about intent. 523 U.S. at 82. Plaintiffs need to depose Harden regarding his intent, whether he made similar comments to female employees, and his relationship with male versus female employees.

● Ken Tressler, Brooke Cassell, George Chory: Whether the City's response was "reasonably calculated to end the harassment" requires examining the investigation and decision-making. *Xerxes Corp.*, 639 F.3d at 669. Whether the City's corrective action was adequate is a question of fact that should be resolved by a jury. See *Mikels v. City of Durham*, 183 F.3d 323, 330 (4th Cir. 1999). Plaintiffs need to depose these officials regarding why Harden was reinstated, how other harassers have been disciplined, and why five-day suspension was considered adequate.

● Shaun Appel: "The question whether a plaintiff has established pretext is a factual one" requiring examination of the employer's decision-making. *Jiminez v. Mary Washington Coll.*, 57 F.3d 369, 378 (4th Cir. 1995). Plaintiffs need to depose Appel regarding why Plaintiffs' treatment changed after they complained and whether these actions were pretextual.

Plaintiffs have not obtained essential documents. Summary judgment is appropriate only after 'adequate time for discovery.'" *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor &*

*City Council of Balt.*, 721 F.3d 264, 280 (4th Cir. 2013) (quoting *Evans* 80 F.3d at 961). "By its very nature, the summary judgment process presupposes the existence of an adequate record." *Id.* A party opposing summary judgment must support its assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Without discovery, Plaintiffs have no record from which to draw. It was "error to permit summary judgment before allowing any substantial merits discovery." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1379 (D.C. Cir. 1988). Plaintiffs need Harden's disciplinary history, all complaints against Harden, the complete investigation file, communications regarding discipline decisions, comparative discipline records, and communications regarding adverse actions against Plaintiffs.

### *2. Discovery Is Essential to Oppose Defendant's Affirmative Defenses*

Defendant's affirmative defenses are both "inherently fact-intensive" and deeply self-serving and cannot be resolved without discovery.

### a. The Faragher-Ellerth Defense Requires Factual Development

Defendant argues it took "prompt and adequate corrective action" by suspending Harden for five days and imposing an "Administrative Oversight Plan." (Def. Mem. at 15-16.) But whether the City's corrective action was adequate is a question of fact that should be resolved by a jury. See *Mikels v. City of Durham*, 183 F.3d at 331. Determining adequacy requires assessing the seriousness and frequency of the harassment, whether it is physically threatening or humiliating, and whether the supervisor continued to harass after the employer's response.

Defendant admits it reinstated the harasser to supervise his victims after five-day suspension. Whether this constitutes adequate corrective action requires discovery into: comparative discipline (how has the City disciplined other harassers?); the oversight plan's requirements and effectiveness; whether Harden continued harassing or retaliating; alternative remedies considered; and Harden's disciplinary history. Without this discovery, Plaintiffs cannot adequately respond to the *Faragher-Ellerth* defense. See *EEOC v. Fairbrook Med. Clinic*, 609 F.3d 320, 327 (4th Cir. 2010) (holding summary judgment inappropriate where factual disputes existed about adequacy of response).

b.   The 'Because of Sex' Element Presents Factual Questions Requiring Discovery

Defendant argues Harden's conduct was not "because of sex" because no female employees worked in the departments. (Def. Mem. at 14.) This argument is itself discriminatory and directly contradicts binding Fourth Circuit precedent. In Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 119      (4th Cir. 2021), the Fourth Circuit rejected this exact argument, holding that "nothing in Oncale indicates the Supreme Court intended the three [evidentiary routes] to be the only ways to prove same-sex harassment is sex-based discrimination."    "    The absence of female employees does not preclude sex-based harassment; describing sexual fantasies about women and making sex-based comments in an all-male environment can constitute discrimination by creating a workplace permeated with discriminatory intimidation based on sex. See *Id.*

Determining whether conduct was "because of sex" requires examining      the specific context in which the harassing conduct occurred,      which      necessarily requires a factual determination      inappropriate for pre-discovery resolution. Oncale, 523 U.S. at 81 Courts must consider evidence about the harasser's treatment of members of both sexes. *Wrightson v. Pizza*

13

*Hut*, 99 F.3d 138, 143 (4th Cir. 1996). Plaintiffs need discovery regarding Harden's treatment of male versus female employees, why he described sexual fantasies involving male subordinates, his intent, and comparative treatment. "The employer's intent is almost always a question of fact" inappropriate for summary judgment, and employment discrimination cases "are often dependent on circumstantial evidence" requiring discovery where "determining the weight and credibility of such evidence is a task better suited for the trier of fact." *Roberts*, 998 F.3d at 126. These intent questions cannot be resolved before any discovery.

### 3. *Discovery Is Essential to Respond to Defendant's Self-Serving Affidavits*

Defendant submitted affidavits from five City employees—all with an interest in defending the City's actions. Plaintiffs have had no opportunity to test these affidavits through discovery or cross-examination. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

The City's affidavits are self-serving and create factual disputes. Tressler's affidavit substantiates the harassment but claims reinstatement was adequate — creating factual questions about the City's decision-making. Cassell's affidavit claims Weide "refused" assignments, but Plaintiffs allege these were dangerous and retaliatory — requiring credibility determinations inappropriate for summary judgment. Appel's affidavit disputes temperature allegations based only on his observations — but were Plaintiffs subjected to more extreme conditions?

Plaintiffs need discovery to depose affiants, obtain contradicting documents, and develop contrary evidence. "[I]t was error to permit summary judgment before allowing substantial

14

merits discovery." *First Chicago Int'l.*, 836 F.2d at 1379. Allowing summary judgment before discovery denies the non-movant an adequate opportunity to discover and develop evidentiary support for its claims. *Id.*

### 4. Retaliation Claims Cannot Be Resolved Pre-Discovery

Defendant's retaliation arguments depend on accepting the City's self-serving explanations for adverse actions taken immediately after Plaintiffs complained. "The question whether a plaintiff has established pretext is a factual one" inappropriate for summary judgment. Jiminez v. Mary Washington Coll., 57 F.3d 369, 378 (4th Cir. 1995).    An employer's proffered justifications for an adverse employment action are always susceptible to a claim of pretext. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007).

Immediately after Harden returned from suspension , Plaintiffs allege: For Weide — daily worksheets never before required in 17 years, constant surveillance and photographing, dangerous assignments in extreme heat, mandatory psychological fitness examination, unpaid suspension, and first negative evaluation in 17 years. For Iliff — early termination six weeks before contract end, constant surveillance, increased scrutiny, and dangerous assignments in extreme heat.

Determining pretext requires examining whether the employer treated similarly situated employees better and "whether the employer believed its stated reason to be credible" — inquiries requiring discovery. *Holland*, 487 F.3d at 218. Plaintiffs need discovery regarding: Were other employees required to submit daily worksheets? Was the psychological examination routine or targeted? Why was Weide's evaluation suddenly negative? Do seasonal employees typically work through their contract periods? Where disputed issues of material fact remain

15

concerning the credibility of the parties' explanations, summary judgment must be denied. *Jiminez*, 57 F.3d at 379. These questions cannot be resolved based on the City's unilateral assertions before any discovery.

### 5. *Plaintiffs Have Demonstrated Need for Discovery Under Rule 56(d)*

"'Summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"*Evans*, 80 F.3d at 961. In employment discrimination cases, courts must be particularly cautious about granting summary judgment before discovery    because    the employer's intent is at issue and information that is peculiarly within the knowledge and control of the defendant is necessary. *Amirmokri*, 60 F.3d at 1131 - 34.

Every critical fact necessary to oppose Defendant's motion is within the City's exclusive control: Why did the City reinstate Harden over his victims? How has the City disciplined other harassers? What was Harden's disciplinary history? Why were Plaintiffs treated adversely after complaining? Are the City's explanations pretextual?

Without discovery, Plaintiffs cannot access this information. Rule 56(d) provides a mechanism by which the party can ask the district court to permit such discovery. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). Plaintiffs respectfully refer the Court to their contemporaneously filed Rule 56(d) Declaration detailing the specific discovery needed. The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(d) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition. *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)

### C. *If the Exhibits Are Stricken, the Motion Fails Under Rule 12(b)(6) Standards*

If the Court strikes Defendant's exhibits and applies the actual Rule 12(b)(6) standard —
accepting all allegations as true and drawing all inferences in Plaintiffs' favor — the motion fails.
Plaintiffs have stated plausible claims for hostile work environment and retaliation.

#### 1. *Plaintiff Weide Has Stated a Plausible Hostile Work Environment Claim*

Accepting all allegations as true, Plaintiff Weide has adequately alleged unwelcome
conduct based on sex that was sufficiently severe or pervasive and imputable to the employer.

a. Unwelcome Conduct

Plaintiffs allege Harden told both Weide and Iliff he had a sexual dream where Weide was
"trying to kiss" Harden while Iliff "watched" (Compl. ¶¶ 16-17); told Weide in front of other
employees about another dream involving a "safeword" — a term associated with BDSM
practices (Compl. ¶¶ 19); asked Weide if he had been "thinking about" Harden (Compl. ¶ 20);
and drew male genitalia while giving work assignments (Compl. ¶¶ 22).

Conduct is unwelcome when the plaintiff "by [his] conduct indicated that the alleged
sexual advances were unwelcome, not whether [his] actual participation" was voluntary.
*Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986). Plaintiffs allege they did not solicit
these comments, showed visible discomfort, and reported them to management immediately.
(Compl. ¶¶ 23-26.) Courts do not require plaintiffs to explicitly object to every harassing
comment. Id. Plaintiffs' immediate complaint demonstrates they regarded the conduct as
unwelcome.

b. Because of Sex

17

Defendant argues Plaintiffs failed to allege harassment was "because of sex" because no female employees worked in the departments. (Def. Mem. at 14-15.) This misunderstands the law.

In *Oncale v. Sundowner Offshore Services, Inc.*, the Supreme Court held same-sex harassment is actionable when the plaintiff shows "members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." 523 U.S. 75, 80 (1998) (quoting Harris, 510 U.S. at 25 (Ginsburg, J., concurring)). Harassment need not involve sexual desire; the question is whether the harasser subjected employees to disadvantageous treatment because of their sex. Id. at 21.

Plaintiffs adequately allege discrimination "because of sex" under multiple Oncale theories:

First, the harassment was explicitly sexual and sex-specific. Harden described sexual fantasies involving his male subordinates — dreams where Weide tried to kiss him while Iliff watched, references to BDSM terminology in scenarios involving male subordinates, asking a male subordinate if he had been "thinking about" Harden, and drawing male genitalia while giving assignments to male subordinates. (Compl. ¶¶ 16-24.) These comments sexualized Plaintiffs specifically because they are men, placing male employees in sexual scenarios and reducing them to "sexual object[s] for Harden's fantasy and amusement." (Compl. ¶ 25.)

Second, Plaintiffs expressly allege Harden's conduct was "motivated by [their] sex and his perception of [them] as male employees he could sexually objectify." (Compl. ¶ 25.) Accepting this allegation as true—as the Court must on a Rule 12(b)(6) motion — Plaintiffs have

18

stated Harden subjected them to sexual harassment because they are men. See Anand, 754 F.3d at 198 (courts must "accept the truth of all material allegations in the complaint").

Third, Defendant's argument strengthens Plaintiffs' case. Under Oncale and Wrightson, the question is not whether Harden could have harassed female employees — it's whether he subjected male employees to sexualized treatment because of their sex. Harden selected male subordinates as objects of his sexual fantasies, made sexual comments to men about men, created a sexualized environment for male employees, and did not subject his female supervisor (Cassell) to similar comments. Drawing all inferences in Plaintiffs' favor — as the Court must— these allegations establish Harden treated male subordinates differently than female coworkers, subjecting men to sexual objectification and creating disadvantageous working conditions for male employees.

The Seventh Circuit provides persuasive authority when it rejected similar arguments in *Lord v. High Voltage Software, Inc.*, holding that the question is whether the harasser subjected the plaintiff to disadvantageous treatment because of his sex, not whether members of the opposite sex were available for comparison. 839 F.3d 556, 563 (7th Cir. 2016) (applying *Oncale*). Drawing all reasonable inferences in Plaintiffs' favor, the allegations adequately allege discrimination "because of sex."

c. Severe or Pervasive

Defendant argues the conduct was "simple teasing" or "offhand comments" insufficient to create a hostile work environment. (Def. Mem. at 13-14.) This asks the Court to weigh evidence, resolve disputed facts, and make credibility determinations — all impermissible at the Rule 12(b)(6) stage. *Erickson*, 551 U.S. at 94 - 95.

19

Determining whether conduct is "sufficiently severe or pervasive to alter the conditions of employment" depends on "all the circumstances" and is peculiarly a question for the trier of fact.    Harris, 510 U.S. at 23. At the pleading stage, courts should be careful not to dismiss a sexual harassment claim if there is any reasonable possibility that further investigation or discovery will reveal evidence to support the claim. *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 335 (4th Cir. 2003) (en banc).

In *Freeman v. Dal-Tile Corp.*, the Fourth Circuit reversed summary judgment, holding that whether conduct was severe or pervasive "we must look at all the circumstances" "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." 750 F.3d 413, 421    (4th Cir. 2014). In *Paroline v. Unisys Corp.,* the Fourth Circuit held "[w]hether… harassment was sufficiently severe or pervasive is quintessentially a question of fact." 879 F.2d 100 (4th Cir. 1989).

Accepting allegations as true, Plaintiffs satisfy the severe or pervasive standard. The harassment occurred over four separate incidents in nine days, involved explicitly sexual content describing sexual scenarios and depicting genitalia, was committed by a supervisor with direct authority, included public humiliation in front of other employees, caused immediate impact prompting complaints, and was substantiated by the City's own investigation as violating City policy. (Compl. ¶¶ 16-29.) Supervisory harassment is especially harmful because the supervisor directs and controls the conduct of employees under his charge and may "sublimate his unlawful conduct in his supervision of the victim." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 763 (1998). Defendant cannot argue conduct was serious enough to warrant discipline but not serious enough to state a Title VII claim.

20

In *Boyer-Liberto v. Fontainebleau Corp.*, the Fourth Circuit held    a single incident of harassment can establish a hostile work environment if the incident is    sufficiently severe. 786 F.3d 264, 281(4th Cir. 2015). Here, Plaintiffs allege four separate incidents of explicitly sexual harassment by their supervisor. Drawing all inferences in Plaintiffs' favor, this conduct was sufficiently severe or pervasive.

d. Imputable to Employer

Harden was Plaintiffs' supervisor with direct authority over their work. (Compl. ¶¶ 13-15.) The Supreme Court held "that an employer is strictly liable for supervisor harassment that 'culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.'" *Pa. State Police v. Suders*, 542 U.S. 129 (2004).

Defendant argues it established the *Faragher-Ellerth* defense by taking prompt corrective action. (Def. Mem. at 15-16.) But the defense    is an affirmative defense which ordinarily cannot be resolved on a Rule 12(b)(6) motion to dismiss. See *Mikels*, 183 F.3d at 332.

More fundamentally, Plaintiffs allege facts demonstrating the City's response was inadequate: The City reinstated Harden to supervise Plaintiffs despite substantiating he sexually harassed them in violation of City policy (Compl. ¶¶ 30-33); gave Harden only a five-day suspension (Compl. ¶¶ 30-31); placed the burden on victims rather than transferring the harasser (Compl. ¶¶ 32-33); violated its "zero tolerance" policy (Compl. ¶ 33); and the oversight plan was ineffective as Harden immediately began retaliating (Compl. ¶¶ 40-77).

Whether the City's corrective action was adequate is a question of fact that should be resolved by a jury. See *Mikels*, 183 F.3d at 331. Even where an employer investigated and disciplined, adequacy depends on "whether the supervisor continued to harass" after the

21

response. Id. Courts must evaluate the adequacy of an employer's response after harassment occurs. See *Paroline*, 879 F.2d at107; *Barrett v. Applied Radiant Energy Corp.*, 240 F.3d 262, 267 (4th Cir. 2001) (holding that "whether an employer's response was adequate is ordinarily a question of fact for the jury").

A reasonable jury could find reinstating an admitted harasser to supervise his victims after five-day suspension was not "reasonably calculated to end the harassment." *Xerxes*, 639 F.3d at 669. Accepting Plaintiffs' allegations as true, the City's response was inadequate. Whether the Faragher-Ellerth defense applies cannot be resolved on a Rule 12(b)(6) motion.

Plaintiff Weide has stated a plausible hostile work environment claim.

### 2. *Plaintiff Weide Has Stated a Plausible Retaliation Claim*

Plaintiff Weide has adequately alleged: (1) protected activity; (2) adverse employment action; and (3) causal connection.

a. Protected Activity

Weide engaged in protected activity by reporting Harden's harassment to management on May 16, 2024, and participating in the City's investigation. (Compl. ¶¶ 26-29.) Both formal complaints and participation in investigations constitute protected activity under Title VII. 42 U.S.C. § 2000e-3(a); *Laughlin*, 149 F.3d at 259. This element is not disputed.

b. Adverse Employment Action

Title VII's anti-retaliation provision covers actions that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N.*, 548 U.S. at 68. The provision covers any action that produces "an injury or harm." Id.

22

Weide alleges multiple adverse actions beginning immediately after Harden returned from suspension on May 29, 2024: daily worksheet requirements never imposed in Weide's 17-year career, creating additional burdens and heightened scrutiny (Compl. ¶¶ 40-43); constant surveillance and photographing by Harden throughout the workday (Compl. ¶¶ 44-47); dangerous work assignments in extreme heat performing physically demanding tasks without adequate support (Compl. ¶¶ 48-52); mandatory fitness-for-duty psychological examination never required in 17 years, stigmatizing Weide as mentally unfit (Compl. ¶¶ 53-55); unpaid suspension pending examination results (Compl. ¶ 56); and first negative performance evaluation in 17 years (Compl. ¶¶ 57-59). These allegations go beyond mere "work-related actions by supervisors" that courts have found insufficient for workplace retaliation claims. See Sonmez v. WP Co. LLC, 330 A.3d 285, 326 (D.C. 2025) (collecting cases holding that undesirable job responsibilities, office arrangements, or performance evaluations alone are insufficient). Here, Plaintiffs allege a coordinated pattern of retaliatory conduct — surveillance, stigmatizing psychological examination, unpaid suspension, and negative evaluation — all imposed for the first time in a 17-year career immediately after protected activity. While a negative performance evaluation standing alone may constitute only "a mediate step" that becomes relevant when relied upon for discharge or demotion, *Jeffers v. Thompson*, 264 F. Supp. 2d 314, 330 (D. Md. 2003), the evaluation here is part of a broader pattern of retaliatory actions culminating in constructive adverse treatment.

The combination of heightened surveillance, increased documentation, dangerous assignments, psychological evaluation, unpaid suspension, and negative evaluation — all occurring for the first time in 17 years and all beginning after Weide complained — well might have dissuaded a reasonable worker from complaining. Whether a particular action rises to the

level of an adverse employment action is normally a question for the jury. See *Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001). Accepting Plaintiffs' allegations as true, these actions clearly qualify as adverse.

c. Causal Connection

"The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). The adverse actions began May 29, 2024 — the same day Harden returned from suspension following Weide's May 16 complaint. The temporal proximity could not be closer.

The pattern of treatment demonstrates causation. Weide worked for the City for 17 years without incident. He complained May 16, 2024. Harden returned May 29, 2024, and immediately began subjecting Weide to adverse treatment that continued through his employment. The before-and-after contrast demonstrates a causal connection. The employer's intent is almost always a question of fact inappropriate for resolution on motion to dismiss. *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir. 2021). Drawing all inferences in Weide's favor, the allegations establish the adverse treatment was retaliation for his protected activity.

3. Plaintiff Iliff Has Stated Plausible Hostile Work Environment and Retaliation Claims

Iliff was present for and subjected to Harden's harassment. Harden told both Iliff and Weide he had a sexual dream where Weide was "trying to kiss" Harden while Iliff "watched," naming Iliff as a participant in Harden's sexual fantasy. (Compl. ¶¶ 16-17.) Iliff was present

24

when Harden made the "safeword" comment (Compl. ¶ 19) and when Harden drew male genitalia while giving work assignments (Compl. ¶ 22).

For the reasons stated regarding Weide's hostile work environment claim, these allegations satisfy each element. Iliff was subjected to unwelcome sexual comments and conduct by his supervisor. The harassment was "because of sex" for the same reasons: Harden subjected his male subordinates to sexual fantasies and created a sexualized work environment for male employees. The conduct was sufficiently severe or pervasive: Iliff was named in a supervisor's sexual fantasy, present for multiple explicit comments, and subjected to a sexualized work environment. The conduct is imputable to the employer through supervisory liability, and the City's inadequate response does not satisfy the Faragher-Ellerth defense.

Iliff also adequately alleged retaliation. He engaged in protected activity by corroborating Weide's complaint and participating in the investigation. (Compl. ¶¶ 26-29.) He suffered adverse employment action: early termination six weeks before his contract end (Compl. ¶¶ 61-68)—unquestionably an adverse action; constant surveillance and increased scrutiny after participating in the investigation (Compl. ¶¶ 69-71); and dangerous work assignments in extreme heat without adequate support (Compl. ¶¶ 72-75).

The causal connection is established by temporal proximity — the adverse treatment began immediately after Iliff participated in the investigation — and the pattern of treatment. Iliff worked for the City in prior seasons without incident. After he corroborated Weide's complaint, he was subjected to adverse treatment culminating in early termination.

Plaintiff Iliff has stated plausible claims for hostile work environment and retaliation.

### D. Genuine Issues of Material Fact Preclude Summary Judgment

25

Arguendo, the Court treats this motion as one for summary judgment, genuine disputes of material fact exist as to every element of Plaintiffs' claims, precluding judgment as a matter of law. Whether Harden's conduct was sufficiently severe or pervasive is peculiarly a question for the trier of fact. *Harris*, 510 U.S. at 23. "The task on summary judgment is to identify situations that a reasonable jury might find to be so out of the ordinary at to meet the severe or pervasive criterion." *Sunbelt Rentals*, 521 F.3d at 316. Genuine disputes exist regarding the frequency and pattern of harassment, the severity of describing sexual fantasies involving subordinates, the impact of public humiliation, and the overall atmosphere created —jury questions that cannot be resolved on pre-discovery summary judgment.

Whether conduct was "because of sex" requires examining "the specific context in which the harassing conduct occurred," which "necessarily requires a factual determination" about intent. *Oncale*, 523 U.S. at 82. Genuine disputes exist regarding Harden's intent, his treatment of male versus female employees, and whether male employees were exposed to disadvantageous conditions. Without discovery, summary judgment is inappropriate.

Whether the corrective action was adequate is a question of fact that should be resolved by a jury. See *Mikels*, 183 F.3d at 331.Whether an employer's response was adequate is ordinarily a question of fact for the jury, requiring evaluation of the promptness, adequacy, and effectiveness of the remedial action. See *Barrett*, 240 F.3d at 267. Genuine disputes exist regarding whether five-day suspension followed by reinstatement was adequate, whether the oversight plan was effective, and whether Harden continued retaliating. These questions cannot be resolved based on the City's self-serving affidavits before Plaintiffs have had any discovery.

The question whether a plaintiff has established pretext is a factual one inappropriate for summary judgment. *Jiminez*, 57 F.3d at 377 - 78. Genuine disputes exist regarding whether daily

26

worksheets, the fitness-for-duty examination, Weide's negative evaluation, and Iliff's early termination were legitimate or pretextual. Determining pretext requires examining comparative treatment, credibility, and the employer's explanations — all questions requiring discovery and jury determination.

## IV.    CONCLUSION

Defendant's motion is procedurally defective and substantively without merit.

Defendant purports to move under Rule 12(b)(6) while attaching seven exhibits to dispute Plaintiffs' factual allegations. This violates Rule 12(d). The Court must either strike those materials or convert the motion to summary judgment under Rule 56.

If the exhibits are stricken, the motion fails under Rule 12(b)(6). Accepting Plaintiffs' allegations as true, both Plaintiffs have stated plausible claims. Plaintiffs allege their supervisor subjected them to repeated, explicit sexual harassment; the City substantiated the harassment but reinstated the harasser over his victims; and both Plaintiffs suffered adverse treatment immediately after complaining.

If converted to Rule 56, the motion must be denied. Plaintiffs have had zero discovery. The critical questions — intent, adequacy of response, pretext — cannot be resolved based on Defendant's self-serving affidavits without discovery. Employment discrimination cases are    often dependent on circumstantial evidence requiring discovery, and the employer's intent is almost always a question of fact inappropriate for pre-discovery resolution. *Roberts*, 998 F.3d at 125; *Amirmokri*, 60 F.3d at 1131. Additionally, genuine disputes of material fact exist as to every element. Whether conduct was severe or pervasive, whether it was "because of sex,"

whether the employer's response was adequate, and whether adverse actions were retaliatory all present jury questions that preclude judgment as a matter of law.

For these reasons, Defendant's motion should be denied.

V. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

1.      DENY Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment;

2.      In the alternative, STRIKE Exhibits 1 through 7 and all references thereto in Defendant's memorandum;

3.      In the further alternative, if the Court converts this motion to one for summary judgment, DENY the motion on the grounds that genuine disputes of material fact preclude judgment as a matter of law;

4.      In the additional alternative, if the Court converts this motion to one for summary judgment, DENY the motion on the grounds that it is premature and Plaintiffs have had no opportunity to conduct discovery essential to opposing the motion, and GRANT Plaintiffs leave to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d)

5.      ORDER that Defendant shall file an Answer to Plaintiffs' Complaint within fourteen (14) days of the Court's Order denying this motion, or within such time as the Court deems appropriate pursuant to Federal Rule of Civil Procedure 12(a)(4)(A);

6.      DIRECT the parties to proceed with a Scheduling Conference and entry of a Scheduling Order governing discovery, dispositive motions, and trial preparation pursuant to Federal Rule of Civil Procedure 16; and

7.   GRANT such other and further relief as the Court deems just and proper.

Dated: 1/16/2026                    Respectfully Submitted,

**QUINN PATTON**

/s/ Donald Quinn
Donald G. Quinn, Fed. Bar No. 22324
838 Ritchie Highway, Suite 4
Severna Park, Maryland 21146
(443)247-5554 / (202) 508-3644
donquinn@quinnpatton.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January 2026, a copy of the foregoing

Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss or, Alternatively, for

Summary Judgment was served via CM/ECF upon all counsel of record.


/s/ Donald Quinn
Donald G. Quinn

30