**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

March 30, 2026

LETTER ORDER

Re: Weide, et al v. City of Cumberland
     Civil Case No. SAG-25-03566

Dear Counsel:

In reviewing Plaintiffs' Opposition to Defendant's Motion to Dismiss, or, Alternatively, for Summary Judgment, ECF 15, this Court has noted a multitude of bad citations. The issues include inaccurate quotations, in addition to citations which do not appear to stand for the propositions Plaintiffs seek to support (as Defendant itself has noted in its Replies, *see* ECF 17 at 10; ECF 18 at 11). For example:

- Plaintiffs assert that "[s]upervisory harassment is especially harmful because the supervisor directs and controls the conduct of employees under his charge and may 'sublimate his unlawful conduct in his supervision of the victim.'" ECF 15 at 25. Plaintiffs purport to be quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 763 (1998); however, the "quoted" language appears nowhere in that case.

- Plaintiffs assert that, in *Barrett v. Applied Radiant Energy Corp.*, 240 F.3d 262, 267 (4th Cir. 2001), the Fourth Circuit held that "'whether an employer's response was adequate is ordinarily a question of fact for the jury.'" ECF 15 at 27. Plaintiffs purport to be quoting the holding of *Barrett*; however, the "quoted" language appears nowhere in that case.

- Plaintiffs assert that "[d]etermining whether harassment was 'because of sex' under *Oncale* requires examining 'the specific context in which the harassing conduct occurred,' which 'necessarily requires a factual determination' about intent." ECF 15 at 16, 31.[1] Plaintiffs purport to be quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998); however, the second and third "quotes" appear nowhere in that case. Furthermore, these erroneous quotations are repeated in each of the respective Plaintiffs' affidavits. *See* ECF 15-1 ¶ 7; ECF 15-2 ¶ 7.

- Plaintiff cites to *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 335 (4th Cir. 2003) (en banc) for the proposition that "[a]t the pleading stage, courts should be careful not to dismiss a sexual harassment claim if there is any reasonable possibility that further

---

[1] There are a number of instances of language being erroneously "quoted" at one point in Plaintiffs' opposition, then appearing elsewhere without quotation marks but with gaps in text appearing in their place. *See*, *e.g.*, ECF 15 at 18 (with the otherwise "quoted" language from *Oncale*).

investigation or discovery will reveal evidence to support the claim." ECF 15 at 25. However, in *Ocheltree*, the Fourth Circuit was reviewing a lower court's denial of a motion for judgment as a matter of law, and damages amounts. It did not address the applicable standard at the pleading stage.

This Court directs Plaintiffs' counsel to, on or before Friday, April 10, 2026, respond to this letter by elaborating on the methods employed in compiling these purported quotations and citations. Despite the informal nature of this letter, it is an Order of the Court and should be docketed accordingly.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge